52 F.3d 335
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Emigdio OLMOS-ESPARZA, Defendant-Appellant.
 No. 94-50324.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 4, 1995.*
Decided April 6, 1995.
 
 Before: NOONAN, O'SCANNLAIN and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 I. Motion to Suppress
 
 2
 Agent Prat testified, inter alia, that Olmos' nervousness, unwillingness to make eye contact, and inattention to things going on around him were consistent with the conduct of a smuggler; that there is no discernible difference between the nervous actions of a drug smuggler and the nervous actions of a smuggler of illegal aliens; and that there were places in Olmos' truck where illegal aliens could have hidden (e.g., truck bed's locked tool box, area between driver's seat and back wall of cab).
 
 
 3
 "Potential immigration violations support a secondary referral." United States v. Preciado-Robles, 964 F.2d 882, 884 (9th Cir.1992). More to the point, we "will not inquire into an agent's subjective purpose in referring a car to secondary inspection ... absent objective evidence supporting a charge of pretext." United States v. Wilson, 7 F.3d 828, 833 (9th Cir.1993) (as amended), cert. denied, 114 S.Ct. 2151 (1994). The district court did not err by denying the motion to suppress.
 
 II. Sufficiency of the Evidence
 
 4
 Viewed in the light most favorable to the prosecution, the evidence showed, inter alia, that (1) small bags (i.e., between one and five grams) of methamphetamine carried for personal use are usually only 20% to 45% pure, because drug dealers normally dilute nearly pure methamphetamine down to 20% to 45% purity for street sale; (2) the bag in question was (a) somewhat larger than that normally seen for personal use, (b) 99% pure (i.e., between two and five times the level of purity of drugs normally sold on the street), and (c) not on Olmos' person; (3) the six-gram bag was part of a haul that included a 72-gram bag of 64% pure methamphetamine, drug scales, baggies, syringes, and ammunition, all normal paraphernalia associated with a drug dealer. The district court did not err by denying the motion for a judgment of acquittal.
 
 III. Sentencing
 
 5
 Olmos did not dispute the Probation Office's calculation of his Base Offense level (28), which included all of the drugs seized as having been intended for distribution; the jury rejected the lesser included offense of simple possession, and found Olmos guilty of possession with intent to distribute all of the methamphetamine; and the trial judge explicitly rejected this contention in denying Olmos' motion for judgment of acquittal, declaring at sentencing that "the jury didn't accept that testimony [viz., that some of the drugs were for personal use], and I didn't accept it. It is an awful lot of drugs for personal use." The district court did not err by sentencing Olmos for possession with intent to distribute all of the methamphetamine seized.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The members of the panel unanimously agree that this case is appropriate for submission on the briefs and without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3